53 CCPA

**FERRO CORPORATION, Appellant,**

v.

**RONCO LABORATORIES, INC.,**
**Appellee.**

**Patent Appeal No. 7498.**

United States Court of Customs and Patent Appeals.

Feb. 17, 1966.

Milton L. Simmons, Cleveland, Ohio (Carroll Palmer, Washington, D. C., of counsel), for appellant.

Henry E. Rea, Jr., Jan C. Swensen, Pittsburgh, Pa., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Appellant-opposer opposed the registration by appellee of the mark "Ferro-Gard" and design [1] for "rust preventative oils." The Trademark Trial and Appeal Board dismissed the opposition, 141 USPQ 846. The mark for which registration is sought, reproduced in the opinion of the board, is as follows:

Appellant's notice of opposition was based on the contention that the above mark, when applied to the goods of applicant, would be likely to cause confusion, or to cause mistake, or to deceive by reason of its previous use and ownership of the following registered marks:

(a) "FERROLITE COMPOUND" (with design) Reg. No. 319,895, procured under the Act of 1905, republished under the act of 1946, for "Cleaning Compounds for General Use, Particularly Adapted for All Railroad Maintenance Cleaning".

(b) "FEROC" (with checkmark over the "o") Reg. No. 386,982, procured under the Act of 1905, for "Porcelain Enamel Frit".[2] [now abandoned]

(c) "FERROC" Reg. No. 405,169, procured under the Act of 1905, republished under the Act of 1946, for "Porcelain Enamel Frit". [now abandoned]

(d) "FERRO" Reg. No. 545,912, Act of 1946, Principal Register, for "Glaze and Enamel Frit and Clay".

(e) "FERRO" Reg. No. 549,848, Act of 1946, Principal Register, for "Inorganic Cobalt Compounds, Plastic Stabilizers and Fungicides".

(f) "FERRO Pickle Pills" Reg. No. 614,665, Act of 1946, Principal Register, for "Chemicals for Chemical Quantitative Analysis of Acids, Alkalies, and Elements in Solutions in Pickling Baths".

(g) "FERRO" Reg. 628,518, Act of 1946, Principal Register, for "Fertilizer Material Comprising Friable Glass-like Substances in Finely Divided Form Containing Essential Plant Foods".

(h) "FERRO CARB" Reg. No. 671,643, Act of 1946, Principal Register, for "Mineral Supplements Sold in Bulk for Use in the Preparation of Fertilizer and Animal Feeds".

(i) "FERRO" Reg. 684,616, Act of 1946, Principal Register, for "Organic and Inorganic Colorants and Pigments for use in Ceramics, Plastics, Organic Paints and Finishes, Vitreous Enamels, Inks, Glazes and Building Materials, Screening Oils, Pastes, Wetting Compounds, and Color Concentrates Suspended in Plastic Resin Vehicles".

Since filing the notice of opposition, appellant has abandoned Reg. Nos. 386,982 and 405,169.

1. Application Ser. No. 126,045, filed Aug. 15, 1961.

2. According to appellant,
As used above "frit" designates the major component of enamels for steel and other ferrous alloys, for the coating and protection thereof from corrosion.

In considering the nature of the products to which the marks of the respective parties are applied, the board stated:

Opposer's products, while specifically different from an oil to prevent rust and corrosion, nevertheless are compounds which are used in the treatment of metals or metal products or as a protective coating therefor. The products of both parties are sold to the same industrial users, and insofar as the record discloses, they may, at times, be distributed through the same trade channels. Under the circumstances, the respective products are considered to be so related that a likelihood of confusion could occur were they to be marketed under the same or confusingly similar marks.

In considering the question of whether the marks so resemble each other as to be likely "to cause confusion, or to cause mistake, or to deceive" within the meaning of 15 U.S.C. § 1052(d), the board found:

As to the marks, however, it is apparent that the only feature which applicant's mark has in common with opposer's marks and trade name is the term "FERRO" * * * it is concluded that applicant's "FERRO-GARD" and design sufficiently differs from each of opposer's mark [sic] and its trade name as to avoid any likelihod of confusion or mistake. * * *

Appellee argues that when the *complete* mark sought to be registered is compared to appellant's marks there is little resemblance between them. Appellee argues that considering the presence of the animated bolt carrying a flag on which are the letters "VCI"; and that the word "gard" is in larger and bolder lower case letters than the term "Ferro"

which is in smaller letters and above the term "gard," there is no likelihood of confusion. In short, appellee argues that the term "gard" and the design dominate the mark sought to be registered and thus the likelihood of confusion is not present.

■■ Considering the many dissimilarities between appellant's marks and the mark sought to be registered, we agree with appellee's argument and the board's holding. It is not believed that appellant is, by virtue of prior registrations, entitled to the sole possession of the term "ferro." [3]

There remains for consideration appellant's argument that appellee's president, the witness Baseman, expressed the opinion during his testimony that both the words "FERRO" and "Gard" in its trademark were descriptive terms. Appellant urges that this testimony,

* * * constitutes a definite admission against interest that the mark sought to be registered is descriptive. It being unlawful to register a mark descriptive of the goods to which it is applied and with Applicant asserting that its mark is descriptive of the goods to which it is applied, there was presented to the Board a situation falling squarely within the purview of Rule 2.131.

Rule 2.131 of the Trademark Rules of Practice is as follows:

2.131 *Ex parte matter in an inter partes case.* If, in considering an inter partes case involving an application, facts appear which, in the opinion of the Trademark Trial and Appeal Board, render the mark of the applicant unregistrable on one or more ex parte grounds, the Board shall in its decision on the inter partes issues in the case recommend

---

**3.** Appellant argues that the board erred in considering the descriptiveness per se of the term "ferro" in the absence of any challenge by appellee. Appellant also argues that certain third party registrations cited by appellee in his brief were not before the board and are not before

this court. Appellee argues the board erred in finding that its goods were similar in nature to those of appellant's. We affirm the board's decision on the broader basis that, considering the marks in their entireties, we do not find a likelihood of confusion.

that if the applicant finally prevails in the case, registration be withheld pending a re-examination by the Examiner of Trademarks of the application in the light of such facts. If, upon such re-examination following termination of the inter partes case, the Examiner of Trademarks finally refuses registration to applicant, appeal may be taken as provided in §§ 2.141 and 2.142.

The board considered appellant's argument but was of the opinion that the mark was "only highly suggestive of the use of the product." We agree. "Ferro" and "gard" can both be descriptive without making the entire mark as sought to be registered here, "merely descriptive" under 15 U.S.C. § 1052(e).

Rule 2.131 grants the board power to recommend re-examination where facts appear which, in the opinion of the board, warrant it. On the facts of this case, we do not believe the board erred. The decision of the board is therefore affirmed.

Affirmed.